UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
LAMEX AGRIFOODS, INC.,                                     :
                                                           :
                           Plaintiff,                      :    16-CV-8462 (JPO)
                                                           :
              -v-                                          :    OPINION AND ORDER
                                                           :
MSC MEDITERRANEAN SHIPPING                                 :
COMPANY S.A.,                                              :
                                                           :
                           Defendant.                      :
-----------------------------------------------------------X

J. PAUL OETKEN, District Judge:

This maritime case involves a container of frozen peaches shipped from Thessaloniki, Greece, to La Porte, Texas. The peaches thawed before their time. The question in this case is which party is responsible for the damage. According to the customer—Lamex, our Plaintiff—it is the shipper's responsibility. According to the shipper—MSC, our Defendant—the customer bears the risk of loss. MSC moves for judgment on the pleadings. For the reasons that follow, the motion is granted.

**I.      Background**

The relevant contract is the bill of lading, which provided that MSC would ship a refrigerated container of frozen peaches from the port of Thessaloniki to the port of Houston. It also provided that MSC would supply a refrigerated container and maintain the container at a temperature of -20 degrees Celsius.

After the container arrived in Houston, it was loaded onto a truck for inland shipping. Importantly, while the trucker was contracted by Lamex, the peaches were still in MSC's container. On the way from the port of Houston to La Porte, Texas, the freezer malfunctioned,

1

and the peaches thawed. Although the peaches were later refrozen, Lamex was unable to sell them at market value, suffering a $48,000 loss.

Lamex filed this action on October 31, 2016. In the Complaint, Lamex asserts claims for breach of contract and negligence. MSC answered, then moved for judgment on the pleadings.

Because this is an admiralty and maritime action, this Court has subject matter jurisdiction under 28 U.S.C. § 1333.

## II. Legal Standard

A party is entitled to judgment on the pleadings under Federal Rule of Civil Procedure 12(c) if it establishes that it is entitled to judgment as a matter of law and that no material issue of fact remains unresolved. *See Juster Assocs. v. City of Rutland*, 901 F.2d 266, 269 (2d Cir. 1990). "'The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim,' and, as in a 12(b)(6) motion, the Court takes the facts alleged in the complaint as true." *Zurich Ins. Co. v. Crowley Latin Am. Servs., LLC*, No. 16 Civ. 1861, 2016 WL 7377047, at *2 (S.D.N.Y. Dec. 20, 2016) (quoting *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001)).

## III. Discussion

MSC argues that the bill of lading disclaims any liability on the part of MSC for damage occurring while the container was not in MSC's control. Lamex responds by pointing to two potential claims: (1) that the peaches actually thawed onboard the ship, when they were still in MSC's control, and (2) that even if the peaches thawed on the truck, MSC is liable for providing a faulty container. However, both claims fail.

Lamex's first claim fails because it is not in the Complaint. The Complaint tells an unambiguous story: The container embarked from Thessaloniki, made a stop in Portugal, arrived in Houston, and was loaded onto a truck bound for La Porte. Lamex alleges that on November 4,

2015—the day after the container was delivered to the trucker—"the [refrigerating unit] on the . . . container failed, causing the refrigeration system within the container to shut down. The Container therefore was unable to maintain the prescribed temperature of -20°C from the time of the [unit's] failure until the cargo was delivered [to La Porte]." (Compl. ¶¶ 11–12.) The Complaint concludes that, "[a]s a result of the foregoing, the cargo was found to have sustained physical damage." (Compl. ¶ 14.) Nowhere does the Complaint allege that the peaches thawed on the ship. To the contrary, the Complaint affirmatively alleges just the opposite. *See Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding."). Accordingly, Lamex cannot now assert in its opposition brief that the peaches thawed while in MSC's control.

Lamex's second claim fails because the bill of lading explicitly disclaims liability for any damage sustained while the container was not in MSC's control. The bill of lading provides that MSC's responsibility for damage "shall end when the Goods have been discharged from the Vessel." (Dkt. No. 16-3 ¶ 5.1(a).) With respect to refrigerated containers, the bill of lading further provides that "[MSC] shall not be liable for any loss or damage to the Goods arising from latent defects, breakdown, defrosting, [or] stoppage of the refrigerating . . . of the Container."[1] (*Id.* ¶ 12.3.) Finally, the bill of lading provides that "[MSC] does not warrant refrigeration . . . machinery, but shall exercise care in its operation and maintenance while in the actual possession of [MSC]." (*Id.* ¶ 12.4.) Lamex's opposition brief makes no attempt to explain why these provisions do not preclude its container-based claims.

---

[1] This sentence contains a proviso that it only applies ". . . provided that [MSC] exercised due diligence before releasing the empty Container to [Lamex]," (Dkt. No. 16-3 ¶ 12.3), but the Complaint makes no allegations that implicate this proviso.

3

Instead, Lamex argues that there may have been a *separate* contract for the container that is not affected by the clear language of the bill of lading. However, Lamex alleges no facts showing that such a contract existed. Moreover, the bill of lading explicitly provides that it "is the final contract between the parties which supersedes any prior agreement or understanding, whether in writing or verbal," and "may not be changed orally." (Dkt. No. 16-3 ¶ 23.) While bills of lading are presumed to be issued subject to custom, and evidence of custom and usage may be used to explain the language of a bill of lading, "custom and usage cannot be used to contradict the plain terms of the bills of lading." *Albany Ins. Co. v. M/V Sealand Uruguay*, No. 00 Civ. 3497, 2002 WL 1870289, at *3 (S.D.N.Y. Aug. 13, 2002); *see also Expeditors Int'l of Wash., Inc. v. Crowley Amer. Transp., Inc.*, 117 F. Supp. 2d 663, 670 (S.D. Ohio 2000). Given the clear language of the bill of lading, Lamex fails to state a claim for damages arising out of the failure of the refrigerator while in the possession of Lamex's trucker.

## IV. Conclusion

For the foregoing reasons, MSC's motion for judgment on the pleadings is GRANTED. The Clerk of Court is directed to close the motion at Docket Number 15 and close the case.

SO ORDERED.

Dated: October 23, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge